TRAVIS DICKERSON,

        Plaintiff,

v.                                                       Case No. 23-cv-1442-bhl

MILWAUKEE COUNTY, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Travis Dickerson, who is currently serving a state prison sentence at the Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Dickerson's motion for leave to proceed without prepayment of the filing fee and to screen the complaint. Dkt. Nos. 1-2.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Dickerson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Dickerson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $3.00. Accordingly, the Court will grant Dickerson's motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

## ALLEGATIONS OF THE COMPLAINT

At the relevant time, Dickerson was a convicted inmate at the Milwaukee County Jail. Dkt. No. 1. Defendants are Milwaukee County, Correctional Officer (CO) Jones, and John/Jane Doe Kitchen Supervisor. *Id*. at 1.

According to the complaint, on October 11, 2023, at around 5:00 p.m., CO Tyus (not a defendant) told Dickerson that the kitchen "messed up" his Kosher diet meal tray and would instead send him a "lunch bag" for dinner. *Id*. at 2. One hour later, Dickerson pressed the intercom button for an update on his food, but no one answered the call. *Id.* Two hours later, Dickerson still did not have his lunch bag, so he asked CO Jones to call the kitchen to check on his food. *Id.* CO Jones stated that CO Tyus should have coordinated Dickerson's dinner during the prior shift, but she nevertheless agreed to call the kitchen. *Id*. at 2-3. CO Jones then did "rounds" at 8 p.m., 9 p.m., and 10 p.m., but Dickerson still did not get his lunch bag. *Id*. at 3. CO Jones allegedly ignored Dickerson's repeated statements that he was "starving." *Id*. When her shift came to an end, CO Jones left without making sure Dickerson got his dinner. *Id*. The following morning, on October 12, 2023, the kitchen again forgot to send Dickerson's Kosher diet meal tray for breakfast, even after multiple reminders to the correctional officers that he had not eaten the night before. *Id*. at 4. At this point, Dickerson experienced dizziness, headaches, stomach aches, and vomiting. *Id*. For relief, Dickerson seeks monetary damages. *Id*. at 6.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Dickerson asks to proceed on claims under the First and Eighth Amendments. Dkt. No. 1 at 5. Under the First Amendment, "[p]risoners retain the right to exercise their religious beliefs, although that right is not unfettered." *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). Where prison officials "personally and unjustifiably place[ ] a substantial burden on [an inmate's] religious practices," they may violate an inmate's constitutional rights. *Thompson v. Holm*, 809 F.3d 376, 379-80 (7th Cir. 2016). "A substantial burden '[p]uts substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" *Id*. (quoting *Thomas v. Review Bd*., 450 U.S. 707, 717-718 (1981)).

Dickerson's complaint does not implicate a First Amendment violation. Dickerson does not allege that he was discriminated against because of his religion. He also does not explain his good faith understanding of his own religious requirements or how defendants burdened his ability to practice his religion. Indeed, Dickerson does not allege *any* burden on actually exercising his religion. Instead, Dickerson's complaint in this case is that he missed two meal trays during his stay at the jail. While he mentions that the two meal trays were Kosher meal trays, his religion appears to have nothing to do with him not receiving those meals. Missing two meals due to kitchen errors is unfortunate but, absent some indication the errors were purposeful and due to his religion, they are not a constitutional violation. Dickerson cannot convert a mistake about the preparation of two meals into a First Amendment religious freedom claim simply by mentioning his religion. Therefore, Dickerson fails to state a First Amendment claim.

To state a claim under the Eighth Amendment, Dickerson must allege: (1) conditions so adverse that they deprived him of "the minimal civilized measure of life's necessities;" and (2) that the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)). Denial of food is not a *per se* violation of the Eighth Amendment. *Reed v. McBride,* 178 F.3d 849,

4

853 (7th Cir. 1999). To determine whether a denial of food rises to the level of a constitutional violation, a district court "must assess the amount and duration of the deprivation." *Id*.

Dickerson alleges that he missed dinner on October 11 and breakfast on October 12.[1] However, the denial of two meals does not rise to the level of a constitutional violation. *See e.g. Lampe v. Ingrim*, No. 3.22-CV-626-DRL-MGG, 2023 WL 34639, at *1 (N.D. Ind. Jan. 3, 2023) (dismissing a complaint at screening because "missing the equivalent of breakfast and lunch on one day does not rise to the level of an Eighth Amendment violation."); *see e.g. Harris v. Allen,* 2013 WL 1689280, *4 (S.D. Ill. Apr.18, 2013) ("Without question, not all conditions are sufficiently serious to implicate the Eighth Amendment, and just a few withheld meals would not contravene the constitution."). Additionally, where there is no underlying constitutional violation, there is no *Monell* claim against the municipality. *Doxtator v. O'Brien*, 39 F.4th 852, 864 (7th Cir. 2022). Therefore, Dickerson fails to state a claim against Milwaukee County, CO Jones, and John/Jane Doe Kitchen Supervisor; and the Court will dismiss the original complaint for failure to state a claim.

The dismissal is not final, however. As a general matter, the Court allows *pro se* plaintiffs at least one chance to amend an inadequately pleaded complaint. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021). Accordingly, the Court will give Dickerson an opportunity to file an amended complaint. The Court is enclosing a guide for *pro se* prisoners that explains how to file an amended complaint that the Court can effectively screen. The Court will also include a blank prisoner amended complaint form. The Court will require Dickerson to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). Dickerson is advised that the amended complaint must bear the docket number assigned to this case and must be complete in itself without reference to prior versions of the complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch.*

---

[1] According to Dickerson's other lawsuit, *see Dickerson v. Milwaukee County, et al.*, case no. 23-cv-1443-bhl, Dickerson did receive his lunch tray on October 12, 2023.

*Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).  If Dickerson files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A.  If Dickerson does not file an amended complaint, the Court will likely dismiss this case.

### Conclusion

**IT IS THEREFORE ORDERED** that Dickerson's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the original complaint is **DISMISSED** because it fails to state a claim.  Dickerson may file an amended complaint that complies with the instructions in this order by **February 21, 2024**.  If Dickerson files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A.  If Dickerson does not file an amended complaint, the Court will likely dismiss this case.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Dickerson a blank prisoner amended complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Dickerson shall collect from his institution trust account the **$347.00** balance of the filing fee by collecting monthly payments from Dickerson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).  The payments shall be clearly identified by the case name and number assigned to this action.  If Dickerson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Dickerson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Dickerson is confined.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dickerson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on January 22, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge